# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LARRY JASON FOWLER and JULIE ANN FOWLER ,**<br><br>     Plaintiffs,<br><br>v.<br><br>**CANAL INSURANCE COMPANY; TODD HAULING, INC.; GERALD TODD; and GANNON DEREK SANDERS,**<br><br>     Defendants. | |
| **GERALD TODD; GANNON DEREK SANDERS; and TODD HAULING, INC.;**<br><br>     Cross-Plaintiffs,<br><br>v.<br><br>**CANAL INSURANCE COMPANY,**<br><br>     Cross-Defendants. | Case No.: _____ |

## NOTICE OF REMOVAL

COMES NOW the Defendant Canal Insurance Company ("Canal") and pursuant to 28 U.S.C. § 1446 respectfully gives notice of removal of the above-captioned matter from the Circuit Court of Cullman County to this Honorable

1

Court. As set out more fully below, removal is proper under 28 U.S.C. § 1441, because this Court has jurisdiction under 28 U.S.C. § 1331.[1]

1. **Removal is Timely.** The Cross-Plaintiffs, Todd Hauling, Inc., Gannon Derek Saunders, and Gerald Todd filed their cross-claim against Cross-Defendant Canal on April 25, 2014. Canal was served on April 25, 2014. This notice of removal is timely pursuant to the 30-day timeframe set forth in 28 U.S.C. § 1446(b).[2]

2. **Action Removable Based Upon Federal Question Jurisdiction.** Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the federal venue's jurisdiction requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). This action is removable pursuant to 28 U.S.C. § 1441, because this Court has original jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists over "all civil actions arising

---

[1] Pursuant to 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders served upon [the] defendant" are attached to this Notice. (Declaratory Judgment Complaint, Exhibit A; Motion to Dismiss, Exhibit B; Order Setting Hearing, Exhibit C; Answer and Cross-Claim Complaint, Exhibit D). Pursuant to 28 U.S.C. § 1446(d), the Defendants are concurrently filing a copy of this Notice with the Clerk of the Circuit Court of Cullman County, Case No. 25-CV-2014-900124. The removal is proper and fully effectuated.

[2] Canal is the only party against whom the cross-claim is asserted. As the only cross-claim defendant, Canal is the proper party to file this notice of removal and the consent of the other parties is not required. *See, e.g., Watson v. General Electric, Inc.*, No. CV-12-S-2661-NE, 2012 U.S. Dist. LEXIS 166901 (N.D. Ala. 2012) (only defendants against whom the federal claim are asserted are required to join in removal).

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Not only the cross-claim but the entire case is removable and within the jurisdiction of this Court pursuant to federal supplemental jurisdiction. 28 U.S.C. § 1367(a).

The Cross-Plaintiffs seek a judgment against Canal declaring that the MCS-90 Endorsement endorsing the policy at issue provides a defense to and indemnity for the underlying suit. (Exhibit D; *see also* Exhibit A). In the underlying case, the Plaintiffs, Larry Jason Fowler and Julie Ann Fowler, allege that they sustained injuries when a tractor-trailer truck driven by Defendant/Cross-Plaintiff Gannon Derek Sanders and owned by Defendant/Cross-Plaintiff Todd Hauling, Inc., rear-ended their car on I-65 in Cullman County and caused their car to collide with another car. (Exhibit A at pp. 3-4). Canal issued a Commercial Automobile Policy ("the Policy") to Defendant/Cross-Plaintiff Todd Hauling, Inc. (Exhibit A at ¶16). The Policy provided coverage for specifically identified drivers and vehicles; Gannon Derek Sanders and the tractor-trailer truck were not identified as covered under the Policy. Id. at ¶¶17-20. However, the Policy also included an MCS-90 Endorsement, pursuant to the federal Motor Carrier Act of 1980. Id. at 23-24.

The federal Motor Carrier Act of 1980, 49 U.S.C. § 10101 *et seq.*, imposes certain requirements upon motor carriers that transport goods in interstate commerce. The MCS-90 Endorsement is a federally-mandated financial

3

responsibility endorsement required for certain motor carriers. The Cross-Plaintiffs seek a declaration as to the effect of the endorsement on the underlying claims, that is, whether a duty to defend or indemnify the putative insureds is required by the MCS-90 despite the terms of the policy it endorses. (Exhibit D).

The cross-claim raises a federal question within the original jurisdiction of this Court. The MCS-90 Endorsement is required by the Motor Carrier Act of 1980, 49 U.S.C. § 10101 *et seq*. Pursuant to its statutory authority granted in the Motor Carrier Act, the Secretary of Transportation prescribed regulations to carry out the Act. *See* 29 U.S.C. § 13301(a). One such regulation, 49 C.F.R. § 387.15, created the MCS-90 Endorsement, which is required for motor carrier insurance policies. Examining the scope of the MCS-90 Endorsement, interpreting the Motor Carrier Act and accompanying regulations, and determining whether the MCS-90 Endorsement applies to the facts of this case will involve only questions of federal law.

3. **Conclusion.** Removal is proper under 28 U.S.C. § 1441, because this Court has jurisdiction under 28 U.S.C. § 1331.

WHEREFORE, premises considered, the Defendant respectfully submits this Notice of Removal.

DATED this the 27th day of May, 2014.

_____
John W. Johnson
Counsel for Defendant,
Canal Insurance Company

OF COUNSEL:
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North Twentieth Street
Birmingham, Alabama 35203
Tel: (205)795-6588
Fax: (205)328-7234
jwjohnson@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this served a copy of the foregoing pleading upon all counsel of record on this the 27th day of May 2014, via electronic mail:

**Counsel for Cross-Plaintiffs/Defendants:**

Michael W. Fuller
Fuller, Willingham, Fuller & Carter, LLC
413 1st Ave. SW
Cullman, AL 35055
Tel: (256)734-2023
Fax: (256)737-0544
mfuller@fandwlaw.com

**Counsel for Plaintiff:**

R. Champ Crocker
207 Second Avenue Southeast
Cullman, AL 35055
Tel: (256)739-5005
Fax: (256)739-5007
champ@champcrocker.com

_____
OF COUNSEL