# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Larry Jason Fowler, Julie Ann Fowler,** } } } | |
| **Plaintiffs,** } } | |
| | } **Case No.: 5:14-CV-984-MHH** |
| v. } } | |
| **Canal Insurance Company, Todd Hauling, Inc., Gerald Todd, and Gannon Derek Sanders,** } } } | |
| **Defendants.** | |

## Memorandum Opinion

### I.   Factual and Procedural Background

This declaratory judgment action concerns insurance coverage issues relating to a traffic accident. Plaintiffs Larry and Julie Fowler and their two children were traveling in a pickup truck when their truck collided with a 1999 Kenworth tractor-trailer truck. (Doc. 1-1, p. 4). Defendant Gannon Derek Sanders was driving the tractor-trailer truck. Mr. and Mrs. Fowler and their two children sustained injuries in the accident. (*Id.*). The Fowlers allege that defendant Todd Hauling, Inc. owned the tractor-trailer that Mr. Sanders was operating and that defendant Gerald Todd owns Todd Hauling. (Doc. 1-1, pp. 4-5).

Defendant Canal Insurance Company issued a commercial automobile insurance policy to Todd Hauling. The Fowlers allege that the Canal policy provides coverage for specifically described vehicles, and the 1999 Kenworth involved in the accident is not among the vehicles listed in the policy. The Fowlers also contend that the Canal policy provides coverage for specifically described drivers, and Mr. Sanders is not among the drivers identified in the policy. (Doc. 1-1, p. 5).[1]

Despite these allegations, the Fowlers assert that Canal must provide coverage to Todd Hauling, Mr. Todd, and Mr. Sanders for any claims that the Fowlers assert against the three parties concerning the traffic accident because Canal's policy includes an MCS-90 Endorsement. (Doc. 1-1). The Endorsement, required under the Motor Carrier Act of 1980, "makes the insurer liable to third parties for any liability resulting from the negligent use of any motor vehicle by the insured, even if the vehicle is not covered under the insurance policy." *See T.H.E. Ins. Co. v. Larsen Intermodal Serv's, Inc.*, 242 F.3d 667, 670 (5th Cir. 2001).

---

[1] The Fowlers attached a copy of the Canal policy to their complaint. (Doc. 1-1, p. 24). The Court may treat the policy as part of the Fowlers' complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) (documents attached to the complaint as an exhibit are treated as part of the complaint). According to the copy of the insurance policy attached to the Fowlers' complaint, Mr. Sanders was reported to Canal as a Todd Hauling driver on August 8, 2011. (Doc. 1-3, p. 15). The accident involving the Fowlers occurred on June 26, 2011. (Doc. 1-1, p. 4).

The Fowlers originally filed this declaratory judgment action in the Circuit Court of Cullman County, Alabama against Canal Insurance Company, Todd Hauling, Mr. Todd, and Mr. Sanders. (Doc. 1-1, p. 2). The Fowlers sought "a declaration of the rights and obligations under a Commercial Automobile Policy issued by [Canal to Todd Hauling]." (Doc. 1-1, p. 2). Todd Hauling, Mr. Sanders, and Mr. Todd filed a cross-claim against Canal. The cross-claim plaintiffs seek a declaration that Canal has a duty under the policy that it issued to Todd Hauling to provide a defense in the Fowlers' underlying state court action. (Doc. 1-5, p. 7).

Canal removed the declaratory judgment action to this Court on the basis of federal question jurisdiction. (Doc. 1, p. 2). Canal then filed a motion to dismiss the Fowlers' claims against the company. (Doc. 11). In this opinion, the Court considers Canal's motion to dismiss.

**II.  Discussion**

**A. Jurisdiction**

Following Canal's removal of this action from state to federal court, no party filed a motion to remand; however, the Court questioned whether it may exercise jurisdiction in this case on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The Court asked the parties to brief the jurisdictional issue. (Doc. 28).

Although the Eleventh Circuit Court of Appeals does not appear to have addressed the question, the Fifth Circuit Court of Appeals and district courts within that circuit have held that "[t]he MCS-90 is regulated under 49 C.F.R. § 387.15 . . . and its application to [the subject] accident is a question of federal law." *Thompson v. Zurich Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 161110, at *9 (E.D. La. Nov. 9, 2012) (citing *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010) ("The sole question the Court must answer today is whether the MCS-90 endorsement covers the Briggs-Coleman accident. This is a question of federal law."). Courts elsewhere have held that issues involving an MCS-90 endorsement are not sufficient to give rise a federal question that supports federal jurisdiction under § 1331. *See*, *e.g.*, *Atlantic Casualty Insurance Company v. United Tours*, 2013 WL 2389887 at *3 (E.D. Va. May 30, 2013).

Though it is not clear that the Court may exercise jurisdiction over this case on the basis of federal question jurisdiction, the Court recognizes that the parties are completely diverse, and the amount in controversy exceeds $75,000. (Doc. 1-1, p. 3). Therefore, the Court has jurisdiction over this matter pursuant 28 U.S.C. § 1332(a).

### B. Canal's Motion to Dismiss

Canal argues that the Court should dismiss the Fowlers' claims against the company because the Fowlers are not insureds under Todd Hauling's policy, and

4

under Alabama law, an injured party may not file a direct action against an insurer until the injured party secures a judgment against the insured. (Doc. 11, pp. 2-3). Under Alabama's Direct Action statute, an "injured party . . . can bring an action against the insurer only after he has recovered a judgment against the insured and only if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tortfeasor." *Maness v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 416 So. 2d 979, 981–82 (Ala. 1982) (citing Ala. Code §27-23-1, *et seq*. (1975)); *see also State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 650 (Ala. 2004) ( "§ 27-23-2 prevents the [plaintiffs] from bringing this action . . . There is no justiciable controversy because the [plaintiffs] have yet to obtain a judgment against [the insured] that would obligate [the insurer] to the [plaintiffs] in any way. . . . [T]he [plaintiffs'] claim violates the direct-action statute.").

If the Fowlers' claim against Canal was the only claim in this action and if the Court were to find that the Fowlers' claim was an impermissible direct action, the Court would grant Canal's motion to dismiss. Here, though, in their cross-claim, defendants/cross-claim plaintiffs Todd Hauling, Mr. Todd, and Mr. Sanders have demanded coverage under the Canal policy for the Fowlers' underlying state court action. (Doc. 1-5). Consequently, the Court realigns the parties in this action to reflect their interests in the litigation. The Court regards Todd Hauling, Mr.

Todd, and Mr. Sanders as plaintiffs in this declaratory judgment action, and the Court regards Canal and the Fowlers as defendants in this declaratory judgment action.  *See City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation.").  Accordingly, the Court denies Canal's motion to dismiss (Doc. 11).

**DONE** and **ORDERED** this August 5, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE